NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| IN RE: | : | Civil Action No. 11-2586 (JAP) |
| | : | Bankr. Case No. 10-46534 (KCF) |
| THOMAS MORFORD AND KAREN MORFORD, | : : | |
| | : | |
| Debtors, Appellants. | : | **OPINION** |
| | : | |

PISANO, District Judge.

Before the Court is an appeal by Debtors Thomas and Karen Morford of the order of Bankruptcy Judge Kathryn C. Ferguson ("Bankruptcy Court") granting Appellee TD Bank's motion to dismiss Karen Morford's Chapter 13 case. For the following reasons, the Bankruptcy Court's decision will be affirmed.

**I.   BACKGROUND**

On November 24, 2010, Debtors filed a petition under Chapter 13. Their proposed plan includes a motion to "strip" or "cram down" the mortgages on their former residence, located at 136 Linden Avenue, Highlands, New Jersey. There are three mortgages on the property: the first is held by CitiMortgage and amounts to $234,581.21; the second and third are held by TD Bank and amount to $819,000. In moving to strip the mortgages held on their property, Debtors seek to reclassify from secured to completely unsecured TD Bank's mortgage liens. They assert that, because the residence is valued at $250,000, TD Bank's claim is limited to $15,418.79—the difference between the value of the collateral and the first mortgage. Thus, they contend that, because the remaining sum of the mortgage lien held by TD Bank must be expunged as unsecured and unenforceable, they fall within the eligibility limits for Chapter 13.

On January 11, 2011, TD Bank moved to dismiss Debtors' Chapter 13 case on the basis that its claim put Debtors over the unsecured debt limit set forth in 11 U.S.C. § 109(e). The Bankruptcy Court held a hearing on TD Bank's motion on March 23, 2011. At the hearing, the Bankruptcy Court made an initial determination that, in light of the different legal issues involved with each Debtor, it would address the issues regarding Karen Morford first. Relevant to that determination, Karen Morford had signed a limited guaranty that excluded personal liability to TD Bank, and Thomas Morford had his unsecured debt discharged in a Chapter 7 proceeding.

Moving on to the merits of TD Bank's motion, the Bankruptcy Court first distinguished *In re Allen-Main Associates, LP*, 218 B.R. 278 (Bankr. D. Conn. 1980), the principal case relied upon by Debtors. It then held that, based upon the Supreme Court's decision and reasoning in *Johnson v. Home State Bank*, 501 U.S. 78 (1991), Karen Morford "is clearly over the debt limit to be a Chapter 13 debtor and her case must be dismissed." Hr'g Tr. 7, Mar. 23, 2011. Specifically, it held that the Supreme Court in *Johnson* made clear that "a claim under the bankruptcy code includes a claim against the debtor's property even though the debtor's personal liability has been extinguished and, thus, a nonrecourse claim against the property is a claim pursuant to 101(5)." *Id.* The Bankruptcy Court adjourned TD Bank's motion to dismiss as it relates to Thomas Morford. The corresponding order on the motion was entered on April 11, 2011. On May 6, 2011, Debtors filed a Notice of Appeal of the Bankruptcy Court's decision. That appeal is currently before this Court.

## II. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158(a). Such appeals are a matter of right. Appellate courts review "the bankruptcy court's legal determinations *de novo,* its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare System, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)). Here, because the only issue raised on appeal concerns a question of law, the Court will review the Bankruptcy Court's determination *de novo*.

## III. DISCUSSION

Debtors argue that the Bankruptcy Court erred in dismissing Karen Morford's Chapter 13 case because her debts exceeded the limitations prescribed by 11 U.S.C. § 109(e) of the Bankruptcy Code. They contend that, although TD Bank has a claim against them, the claim cannot be included in the § 109(e) eligibility calculation because (1) it is based upon non-recourse debts for which neither debtor is liable; and (2) the value of the property at issue does not support the full amount of TD Bank's claim. Thus, they assert that the unsecured portion of TD Bank's claim—which they identify as $803,518.21—is void, and the only portion of the claim that should be included in the eligibility calculation is the $15,418.79 of secured debt. As such, they assert, they are eligible for Chapter 13 relief.[1]

The eligibility limits for Chapter 13 are set forth in 11 U.S.C. § 109(e), which provides: "Only an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $360,475 and non-contingent, liquidated, secured debts of less than $1,081,400 . . . may be a debtor under this title." Correspondingly,

---

[1] Debtors assert that the total amount of secured debt totals $275,009.00, and that the unsecured debt totals $12,533.70. Debtors' Br. at 5.

3

"debt" is defined in § 101(12) as "liability on a claim," and a claim is defined as "right to payment . . . [or] right to an equitable remedy." 11 U.S.C. § 101(5).  When considering a debtor's eligibility for Chapter 13 relief, the Court may rely on the debtor's schedules.  *See, e.g., In re Scovis*, 249 F.2d 975, 982 (9th Cir. 2001).

Here, Debtors list the first mortgage held by CitiMortgage in the amount of $234,581.21, and a scheduled debt of $819,000 to TD Bank.  They seek to reclassify TD Bank's claim from secured to unsecured, and assert that the unsecured debt should not be included in the eligibility calculation.  Because the Court concludes that TD Bank has a claim against Karen Morford that puts her over the debt limit set forth in 11 U.S.C. § 109(e), it will affirm the Bankruptcy Court's decision dismissing her Chapter 13 case.

In *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991), the Supreme Court emphasized that the term "claim" in § 109(e) is intended to be given the broadest definition possible.  It then held that "a mortgage interest that survives the discharge of a debtor's personal liability is a 'claim' within the terms of § 101(5)."  *Johnson*, 501 U.S. at 84.  To support that conclusion, the Court reasoned that, "[e]ven after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property, and, that "[a]lternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a 'right to an equitable remedy' for the debtor's default on the underlying obligation."  *Id.*  It further supported its conclusion by pointing to other provisions of the Bankruptcy Code, including § 502(b)(1) and § 102(2), that contemplate recognition of a "claim" even though an obligation is only enforceable against the debtor's property.  *Id.* at 85.

Thus, based upon the express holding and reasoning in *Johnson,* TD Bank has a "claim" against Karen Morford subject to inclusion in the eligibility limit calculation—even in light of

4

the limited guaranty she executed and Thomas Morford's Chapter 7 discharge. *Id.* at 83-85. Indeed, as *Johnson* makes clear, a claim against the debtor's property, even though the debtor's personal liability has been extinguished, is includible under § 109(e). *Id.* Therefore, after adding TD Bank's claim, as scheduled by Debtors, to the eligibility calculation, Karen Morford's total unsecured debt far exceeds the ceiling set forth in § 109(e). Accordingly, she is not entitled to relief under Chapter 13, and the Bankruptcy Court's order dismissing her case is affirmed.

In reaching this determination, the Court rejects Debtors' contention that the unsecured portion of TD Bank's claim should be reduced to $0, or should not be added to the eligibility calculation. Debtors cite no controlling authority to support that contention, and their reliance on *In re Allen-Main Associates, LP*, 218 B.R. 278 (Bankr. D. Conn. 1980) and *In re Cushman*, 217 B.R. 470 (Bankr. E.D. Va. 1998) is misplaced. Indeed, those decisions do not speak directly to the Chapter 13 eligibility determination at issue in this appeal, and Debtors' argument as to the limited import of *Johnson* is unavailing. Moreover, a review of more relevant case law provides support for the Court's conclusion. *See, e.g., In re Scotto-Diclemente*, 459 B.R. 558, 570-71 (Bankr. D.N.J. 2011) ("*Johnson* . . . reaffirmed that the undischarged *in rem* claim remaining after a Chapter 7 discharge is subject to the treatment in a subsequent Chapter 13 case. As a result, the Court must also include the unsecured *in rem* claim when determining a debtor's eligibility for relief under § 109(e)."); *In re Groh*, 405 B.R. 674, 675-76 (Bankr. S.D. Ca. 2009)("the unsecured portion of a . . . creditor's undersecured judgment lien on the debtor's residence is to be counted as unsecured debt under § 109(e) for Chapter 13 eligibility purposes"); *In re Scovis*, 249 F.3d 975, 983 (9th Cir. 2001) ("[A] vast majority of courts, and all circuit courts that have considered the issue, have held that the unsecured portion of undersecured debt is counted as unsecured for § 109(e) eligibility purposes."); *In re Fuson*, 404 B.R. 872, 875-76

(Bankr. S.D. Ohio 2008); *In re Lindsey, Stephenson & Lindsey*, 995 F.3d 626, 628 (5th Cir. 2003).

## IV. CONCLUSION

For the reasons stated above, the Court affirms the Bankruptcy Court's decision dismissing Karen Morford's Chapter 13 case.

                                                    /s/ JOEL A. PISANO
                                                  United States District Judge

Dated: January 20, 2012